Reese, J.
delivered the opinion of 'the court.
The husband of the complainant made and published his last will and testament, of which, since.his death, due probate has taken place, and the defendant, Douglas, appointed executor therein, has taken upon himself the burthen of that office. In this will, the testator made express provision for his wife, the complainant, which was satisfactory to her, and she did not, therefore, within six months of the probate of the will, as authorized by the act of 1784, dissent from the same.
The executor, as the bill alleges, during the said period of six months, honestly believed, and so represented, that the assets in his hands would be adequate to the payment of the debts, but it has since turned out that the amount of the debts for which the estate will be held liable, is much greater than was expected, and a bill has been filed suggesting the insolvency of said estate, and the widow is in danger of losing the provision in her favor, contained in the bequests of the will. Under these circumstances, and for this reason, she has brought this bill, the object of which is to permit her to take her dower in the said estate, as if she had dissented from the will in due time.
And the question is, has she such a right?
It may be remarked, that the case is entirely free from all fraud on the part of the testator, the executor, the devisees, or creditors, and does not, therefore, come within the scope of the principle, decided in the case of Smart and wife vs. Waterhouse. It presents the simple question of a widow, for whom a satisfactory provision has been made by the terms of a will, omitting to dissent from the same, because ignorant, during the six months, of the true amount of the liabilities of the estate. The argument is, that she supposed herself about to receive a substantial, and not a nominal and delusive provision, under the will, and, therefore, only did not dissent. The answer to this is, the statute gives her six months to examine, to enquire, to consult friends; and if, without fraud and imposition she elects not to dissent, there is no principle upon which, against the express letter and *230 obvious policy of the statute, she can claim to be thrown back upon her dower right. She may, in every instance, if she will, be upon safe ground, and dissent from the will, and so have her dower, free from debts resting upon the estate; but, if tempted by the apparently greater provision made for her, on the face of the will, she abandons this safe ground, and declines to dissent, she must not, if the experiment turn out badly, expect the court to replace her upon her dower right. We know not upon what safe principle this could be done, and if the statute be departed from, at what indefinite period, the widow might resume her claim to dower. If bank stock be given her, the bank may become broken1 — if debts be bequeathed, the debtors may become insolvent; slaves may die; steamboats explode; an ample provision in personal property may be swept away, because the testator, surety to a large amount for very wealthy men, may have forgotten the matter; but misfortunes in trade, or the hazard of the gaming table, may reduce them to beggary, and throw the liability solely upon the estate; shall the widow then come back and take her dower? These are contingencies to be thought of by her, in determining whether the provisions of the will be satisfactory to her, and before she steps off from the safe and solid ground of her dower, to take under the will. The case bears no analogy to some of the cases of election at common law; that is said to be a “gentle nursing mother,” but the statute is stern and inflexible and exacts obedience. The statute has existed for more than sixty years; and there has been no case in North Carolina or Tennessee, which sanctions the principle of construction in this instance contended for. To yield to the present application, would be a virtual repeal and abrogation of the statute. It is better that a few widows should be permitted to choose ignorantly and injudiciously, and to their loss, than that we should have no rule.
The bill must be dismissed, but without costs, and this is a reversal of the chancellor’s decree.